CALVIN K. OF OAKKNOLL AND MARY I. OF OAKKNOLL, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calvin K. v. Commissioner
Docket No. 7856-77.
United States Tax Court
T.C. Memo 1989-25; 1989 Tax Ct. Memo LEXIS 24; 56 T.C.M. (CCH) 1085; T.C.M. (RIA) 89025; January 12, 1989. *24 Petitioners have failed to distinguish the facts pertaining to claimed charitable contribution deductions during 1973 from the facts pertaining to similar deductions during the years 1971 and 1972, held by us to be nondeductible in a prior published Opinion, and from the facts pertaining to similar deductions in 1974, held by us to be nondeductible in a prior Memorandum Opinion. Held: Petitioners have failed to show that alleged charitable contributions made during 1973 qualify as deductions under section 170. Calvin K. of Oakknoll, pro se. John D. Steele, Jr., for the respondent. WHITAKER
MEMORANDUM OPINION WHITAKER, Judge: Respondent *25 by statutory notice dated April 15, 1977, determined a deficiency in petitioners' income tax for the calendar year 1973 in the amount of $ 1,655.50. The deficiency resulted from respondent's disallowance of charitable contribution deductions in the amount of $ 7,978.76 because of the failure by petitioners to establish that the donee, the Religious Society of Families (the Society), is a qualified donee pursuant to section 170(c)(2). [1]
This cause is now pending before the Court on our order to show cause dated April 18, 1988. By order dated April 28, 1988, the order to show cause was set for hearing at the call of the calendar of the regular session of this Court held at Ceremonial Center, Part 16, City Court of Buffalo, in Buffalo, New York, on May 9, 1988, at 10:00 a.m. Petitioner Calvin K. of Oakknoll was incarcerated in Green Haven Correctional Facility at the time and did not attend the hearing. There was no appearance by petitioner Mary I. of Oakknoll or by any representative *26 of either petitioner. Petitioners' response to the order to show cause was filed on May 2, 1988, and was supplemented by letters addressed to the Court dated respectively, May 2, 1988, and May 6, 1988, which letters were filed as supplemental responses. Respondent's response to the April 18, 1988, order was filed May 4, 1988. Our April 18, 1988, order provided in pertinent part that It appears from the record and files herein that unless the controlling facts in this case have changed or are different from those in petitioners' two previous cases before this Court, both of which involved petitioners' deductions for contributions to the Religious Society of Families, no purpose will be served by litigating this issue a third time. Therefore, it is ORDERED that, on or before May 2, 1988, petitioner shall show cause by filing with the Court and serving on respondent's counsel a response to this Order setting forth: (1) the facts petitioners intend to prove that are controlling or different facts from the facts found by the Court in petitioners' two prior cases. Petitioners have been before the Court on two previous occasions -- Case #1 (calendar years 1971 and 1972) is a published *27 Opinion -- , affd. without published opinion , cert. denied , rehearing denied , and Case #2 (calendar year 1974) is a Memorandum Opinion -- , affd. without published opinion , cert. denied , rehearing denied . In each case the issue before the Court was the deductibility of contributions to the Society. In Case #1 there was no proof that the assets would remain dedicated to exempt purposes if the Society dissolved. Petitioners in Case #2 filled in this gap but we held that they did not make a gift to the Society, that the Society was not operated exclusively for an exempt purpose, and that the Society's earnings inured to the benefit of petitioners. Underlying these holdings was the fact that petitioners were the only members of the Society and they controlled it for their exclusive benefit. These facts alone are sufficient to disqualify *28 the Society as a church, as claimed by petitioners, but would not necessarily preclude the Society from being an exempt organization on some other ground. See , where we said: Although every church may be a religious organization, not every religious organization is a church. * * * To classify a religious organization as a church under the Internal Revenue Code, we should look to its religious purposes and, particularly, the means by which its religious purposes are accomplished. * * * "The means by which an avowedly religious purpose is accomplished separates a church from other forms of religious enterprise. * * * At a minimum, a church includes a body of believers or communicants that assembles regularly in order to worship." * * * [Citations omitted.] Petitioners have not claimed that the Society is anything other than a church. The findings of fact in these two cases are substantially identical in all material respects except that in Case #2, we specifically found that on dissolution of the Society, the assets would pass to another qualified exempt organization. This case has *29 now been calendared for trial on six different occasions during the past 10 years. On April 25, 1985, respondent filed a motion for summary judgment pursuant to Rule 121 in an effort to dispose of this case as well as the case docketed at No. 8517-82 involving contributions for the years 1975 and 1977. The motion for summary judgment was denied by the Special Trial Judge to whom the motion had been assigned as to docket No. 7856-77 for the reasons set forth in a Memorandum Sur Order served on June 25, 1985. We concluded in the Memorandum Sur Order that there remained "genuine issues of material fact yet to be resolved." However, the petition in this case alleges error only in that respondent failed to recognize it as a church. As supporting facts, the petition describes the beliefs of the Society and in connection thereunder alleges that: c. The "charitable" aspect of the Religious Society of Families and its religion exists in practice in a substantial way but is not the primary fact upon which Petitioners rely. The Church is not preoccupied with providing for the multitudes of the needy in the present Earthly scene. d. The Church is primarily concerned with the implementation *30 of behavioral practices which will avoid the continuing proliferation of needy multitudes, the progressive dehumanization of Mankind by overcrowding and dysgenic breeding practices, and the progressive destruction of the Habitat of Mankind, the Planet Earth. e. As such a religion of behavior reform, the Church is a Church of Substance, not a church of form. The Church does not, has never, and does not intend ever to hold "regularly scheduled sacerdotal services" or to construct the sort of steepled buildings in which other churches traditionally have held such "services." To do so would be a profane use of time, in one case, and a desecration of lumber and land, in the other. f. The Church is preoccupied with providing the religious basis in the moral guidance of behavior, by advocacy and by example, by which an elusive concept, commonly called Heaven, may be built upon the Planet Earth; and to take no day of rest until this end is achieved. Thus the Society's beliefs, as set forth in the petition are inconsistent with the definition of a church adopted by us in Foundation of Human Understanding. Upon reconsideration it appeared to us that no useful purpose would be served *31 by trying the same facts for a third time. The Court, therefore, by our April 18, 1988, order required petitioners to state the controlling or different facts which would serve to differentiate the year 1973 from the prior and subsequent years. While petitioner Calvin K. of Oakknoll has steadfastly contended that since he is incarcerated he cannot properly prepare his case for trial, that certainly does not preclude him from setting forth in writing the material facts as to the year 1973 which control that year and which differ from those involved in the two decided cases. We have examined petitioners' response to our April 18, 1988, order as well as the two letters of May 2, 1988, and May 6, 1988, both of which were filed as supplemental responses. Petitioners' response contains with a single unimportant exception not one statement of material fact much less any distinction between the facts for the year 1973 and those for the prior and subsequent years. Rather, petitioners simply emphasize their disagreement with our two prior decisions. Petitioners argue that our prior opinions are inconsistent with each other and in effect cancel each other. The Court of Appeals did not, *32 however, appear to have been troubled by either opinion. We do note that on page 2 of petitioners' May 6, 1988, letter petitioners state that: Petitioners' continued residence on the land given was (3a) untrue as a full-time main residence * * * and (4) that there was absolutely NO commercial activity of any kind done or intended to be done on the donated premises * * *. * * * Petitioner Calvin of Oakknoll was working and living full time in New York City for the entire tax year 1973. [He] came out to the premises once or twice per month to oversee and supervise the development of the Church and its assets. * * * Petitioners conceded in the May 6, 1988, letter that it was necessary to spend the night and eat meals on the land. In Case #2 we found that "During the year in issue, petitioners were the only participating members homesteading on Society property." As Case #2 points out, The primary objectives of the Society are guidance of human evolution, control of human population growth, and care of the earth so that it may continue to be a reasonably clean and decent habitat for mankind. To achieve these objectives, a territorial concept of marriage is recognized *33 requiring member couples to be responsible for approximately forty acres of Society land. Member families may use up to one-third of this homestead for subsistence; the remaining two-thirds must be kept in its natural state. Between 1968 and 1977 the Society acquired 400 acres of land with two houses, two barns, miscellaneous smaller buildings, and a few animals used to provide dairy products and wool. * * * * * * Since its inception, petitioner Calvin K. of Oakknoll has been in complete control of the Society. He alone decides who may remain on the land. Although the incorporation document states that the Society will have three trustees, the only constitutional power given to the trustees is with regard to the distribution of property upon the disbandment of the Society. During the year in issue, petitioners were the only participating members homesteading on Society property. * * * Petitioners have not stated any respect in which these facts found by us as to 1974 differ from or do not also apply to the year 1973; hence we assume the facts to be the same. These facts are entirely consistent with petitioners' having to be present several times a month in order to *34 supervise and protect their "homestead." The principal focus of the opinion in Case #2 was that "Petitioners had full use and control of the Society's property. They had complete benefit of the Society's shelter and food; they alone decided who might share in this subsistence, meager though it was." It was petitioners' sole control over the Society and its property, and earnings if any, which caused us to conclude in Case #2 that petitioners did not make a gift of their money, but rather operated the Society primarily for the benefit of petitioners. The fact that the land may not have been the "full-time main residence" of petitioners during the year 1973 is not sufficient to distinguish the facts pertaining to 1973 from the 1974 year. The land, its buildings, and its produce, if any, were at all times available for the exclusive use of petitioners and no one else. By reason of petitioners' failure to show different facts as to 1973, we conclusively assume that the same situation prevailed in 1973. Accordingly, we find and hold that no useful purpose would be served by a trial of this case. As our Findings of Fact in this case we adopt the Findings of Fact in , *35 affd. without published opinion . For the reasons set forth in such opinion and on the basis of , we hold that the alleged charitable contributions made by petitioners to the Society in this case do not qualify as deductions under section 170. Petitioners are not entitled to treat that amount as a charitable contributions deduction for income tax purposes for the year 1973. An Appropriate Order and Decision will be entered.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩